IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEMYHA MICKEL,             :        CIVIL ACTION
        Petitioner,      :
                        :
     v.                 :
                        :
HARRY E. WILSON, et al.,    :        NO. 05-5980
        Respondents.   :

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

       Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Fayette, in Labelle, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.      PROCEDURAL HISTORY

       On April 28, 2000, following a jury trial presided over by the Honorable Kathryn Streeter Lewis, petitioner was convicted of third degree murder, possessing an instrument of crime, and carrying a firearm on a public street. Specifically, petitioner was convicted of fatally shooting the doorman at an after-hours club petitioner was attending. On July 26, 2000, the trial court sentenced petitioner to a term of twenty to forty years for murder in the third degree and a consecutive two and one half to five year prison term on the remaining charges.

       Petitioner filed a direct appeal to the Superior Court of Pennsylvania. On August 13, 2001, the Superior Court affirmed petitioner's judgment of sentence. On May 8, 2002, the

Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.

On October 4, 2002, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  Counsel was appointed and subsequently filed a "no merit" letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On October 24, 2003, the PCRA court dismissed the petition.  On August 11, 2004, the Superior Court affirmed the dismissal of the petition.  Commonwealth v. Mickel, 860 A.2d 1132 (Pa. Super. 2004).  On August 10, 2005, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.  Commonwealth v. Mickel, 882 A.2d 477 (Pa. 2005).

On November 14, 2005, petitioner filed the instant petition seeking habeas corpus relief, claiming:

(1)     The trial court erred in denying petitioner's request for a mistrial in violation of petitioner's 6th and 14th amendment constitutional rights;

(2)     Trial counsel was ineffective for failing to file a motion to sever petitioner's case from that of his co-defendant;

(3)     Trial counsel was ineffective for failing to call any defense witnesses;

(4)     Trial counsel was ineffective for failing to file a motion to suppress Linda Brown's identification and appellate counsel was ineffective for failing to raise this claim on direct appeal;

(5)     Trial counsel was ineffective for failing to request a Kloiber jury instruction;

(6)     Trial counsel was ineffective for failing to object to the admission of hearsay;

2

(7)     Trial counsel was ineffective because counsel improperly advised

petitioner as to his right to testify; and

(8)     Petitioner was denied due process when the trial court limited trial

counsel's cross-examination of Commonwealth witness Everett Jones,

concerning Mr. Jones use of an alias in the past.

Respondents retort that petitioner is not entitled to federal habeas relief.

Respondents contend that petitioner's first claim is procedurally defaulted, as it was not properly

presented to the state courts and cannot be presented there now.  We agree that procedural default

is established as discussed hereafter.

Respondents further contend that petitioner's second through eighth claims,

although properly exhausted, are without merit.  We agree, and hereafter find claims two through

eight meritless as discussed hereafter, and thus find the petition for Writ of Habeas Corpus

should be dismissed in its entirety.

II.     PROCEDURAL DEFAULT

We find petitioner's first claim procedurally defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must

exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728,

1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he

has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C.

§ 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied,

490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete

round of the state's established appellate review process," in order to exhaust his remedies.

O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is procedural default for the purpose of federal habeas..."  Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991);McCandless v. Vaughn, 172 f.3d 255, 260 (3rd Cir. 1999).  The procedural default barrier also precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment.  Coleman, 501 U.S. at 729.  "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [because] this Court has no power to review a state law determination that is sufficient to support the judgment."  Id.  "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court."  Id., at 732.

As noted above, respondents contend that petitioner's first claim was never properly exhausted in state court and petitioner can no longer bring the claim in state court, hence

it is procedurally defaulted.  In the event a petitioner brings claims which are procedurally

defaulted, he is not entitled to federal habeas review unless he can show that his default should

be excused.  Such excuse is allowed only where the petitioner can show "cause for the default

and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure

to consider the claims would result in a fundamental miscarriage of justice."  Coleman, 501 U.S.

at 750.

Petitioner's first claim is that the trial court erred in denying petitioner's request

for a mistrial in violation of petitioner's 6th and 14th amendment constitutional rights.  Petitioner

did not present this claim as a federal constitutional violation of due process to the state courts.

Petitioner only presented a claim that the trial court abused its discretion in denying a mistrial

when a Commonwealth witness violated the trial court's sequestration order.  A trial court's

abuse of discretion is a state law question and not a federal constitutional claim.  Hence, the state

courts did not characterize petitioner's claim as a federal constitutional claim.  Neither the federal

constitution nor any judicial decision based on the federal constitution were mentioned in the

decisions of the state courts.  The Superior Court understood petitioner's claim to be based on

state law, and  understandably confined its application to state law.

Under these circumstances, this court must conclude that petitioner did not give

the state courts the requisite "fair notice" that he was asserting a federal constitutional claim, and

petitioner had not fairly presented the federal due process claim in state court.  Accordingly,

petitioner did not properly raise this claim in state court and has failed to exhaust his remedies in

state court.  Furthermore, petitioner has neither alleged cause and prejudice, nor shown that this

court's failure to consider his claims would result in a miscarriage of justice.  Consequently,

petitioner's first claim is procedurally defaulted and dismissed without consideration on the merits.

III.     STANDARD OF REVIEW

Petitioner's remaining claims, two through eight, are reviewed on the merits and subject to the following standard of review.

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a significant burden.  Section 104 of the AEDPA imparts a presumption of correctness to the state court's determination of factual issues - a presumption that petitioner can only rebut by clear and convincing evidence.  28 U.S.C. § 2254(e)(1) (1994).  The statute also grants significant deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court, in Williams v. Taylor, 529 U.S. 362, 404-05, 120 S. Ct. 1495 (2000), interpreted the standards established by the AEDPA regarding the deference to be accorded state court legal decisions, and more clearly defined the two-part

analysis set forth in the statute.  Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States."  As defined by Justice O'Connor, writing for the majority of the Court on this issue, a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]."  Id.  She explained, however, that this "contrary to" clause does not encompass the run-of-the-mill state court decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case."  Id. at 406.

        To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1).  It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Id. at 407-08.  The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410.

III.     DISCUSSION OF MERITS

Petitioner's claims two through eight have been properly exhausted in the state courts and will now be addressed on the merits.  Claims two through seven assert that petitioner's counsel failed to provide effective assistance.

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged ineffectiveness of counsel.  Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984).  The Sixth Amendment to the United States Constitution recognizes the right of every criminal defendant to effective assistance of counsel.  U.S. Const., amend. VI.  The Supreme Court has set forth a two-prong test - both parts of which must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged.  Id. at 668.  First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness."  Id.  The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstance of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 76 S. Ct. 158, 163-64 (1955)).

A convicted defendant asserting ineffective assistance must therefore identify the acts or omissions that are alleged not to have been the result of reasoned professional judgment.

Id. at 690.  Then the reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside "the wide range of professionally competent assistance."  Id.  Under Pennsylvania law, counsel is not ineffective for failing to raise baseless or frivolous issues.  Commonwealth v. Wilson, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."  Id. at 694.  A reviewing court need not determine whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency.  If it is easier to dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed.  Id. at 697.

In the case at bar, petitioner's second claim is that trial counsel was ineffective for failing to file a motion to sever petitioner's case from that of his co-defendant.  The Superior court rejected this claim.  The Superior court noted that petitioner and his co-defendant were charged with conspiracy to commit murder.  The Superior Court found that the Commonwealth was going to call the same witnesses and present identical evidence against the co-defendants.  It was noted that there is a preference to try defendants charged with conspiracy together in order to avoid expensive and time-consuming evidence duplication.  Therefore, the Superior Court found that any motion to sever would have been frivolous.  Trial counsel can not be found ineffective for failing to file a frivolous motion.  Thus, petitioner has failed to prove that counsel was ineffective.  As such, we must dismiss the habeas petition as to this claim.

Petitioner's third claim is that trial counsel was ineffective for failing to call any

9

defense witnesses.   The Superior Court reviewed this claim and found that it was meritless.  We also find no merit to this claim.  The trial court performed a lengthy colloquy with defendant. During the colloquy the trial court specifically inquired whether petitioner had discussed with his attorney the issue of presenting defense witnesses and if there were any witnesses he now wished to call.  Petitioner stated that trial counsel had discussed the issue of presenting defense witnesses with him and that petitioner did not wish to call any witnesses.  Trial counsel consulted with petitioner and a strategic decision was made not to call defense witnesses.  Trial counsel can not now be found ineffective for deciding, with petitioner's approval, to not call defense witnesses. Thus counsel cannot be considered ineffective, and we must dismiss the habeas petition as to this claim.

Petitioner's fourth claim is that trial counsel was ineffective for failing to file a motion to suppress Linda Brown's identification and appellate counsel was ineffective for failing to raise this claim on direct appeal.  The state court reviewed this claim and found that it was meritless.  Linda Brown testified at trial that she knew petitioner for two months, that she owed him money, and that she knew petitioner's wife her whole life.  The PCRA court found that since Linda Brown knew petitioner there were no grounds on which petitioner could challenge the identification.  Since there were no grounds to suppress the identification, counsel cannot be found ineffective for failing to file a motion to do so.  Furthermore, because trial counsel was not ineffective, appellate counsel can not be found ineffective for failing to preserve such a claim. As such, we must dismiss the habeas petition as to this claim.

Petitioner's fifth claim is that trial counsel was ineffective for failing to request a jury instruction pursuant to Commonwealth v. Kloiber, 378 PA. 412, 106 A.2d 820 (1954), *cert.*

*denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed.2d 688 (1954).  Petitioner claims that trial counsel should have requested a <u>Kloiber</u> instruction with respect to Ms. Brown's identification testimony. The Superior Court rejected this claim.  The Superior Court noted that a <u>Kloiber</u> instruction will be given when a witness is not positive of their identification or was unable to identify the defendant on at least one occasion.  As noted above, Linda Brown knew the petitioner personally. Furthermore, Linda Brown was positive when she identified petitioner.  A <u>Kloiber</u> instruction would not have been warranted even if trial counsel had requested one.  Thus, counsel cannot be considered ineffective in this instance, and we must dismiss the habeas petition as to this claim.

Petitioner's sixth claim is that trial counsel was ineffective for failing to object to the admission of a hearsay statement.  The Superior Court reviewed this claim and found it meritless.  Petitioner claims that Linda Brown's testimony, that she felt a gun in petitioner's pocket when she hugged him the night of the murder, and told the bartender so, was inadmissible hearsay.  Such a statement is not hearsay.  Linda Brown had personal knowledge of what she felt when she hugged petitioner.  She testified based on that knowledge at trial and was available for cross-examination.  Such testimony is not inadmissible hearsay.  *See* <u>Commonwealth v. Hashem</u>, 363 Pa.Super. 111, 153, 525 A.2d 744, 764 (1987) (witness testimony based on the witness's firsthand personal knowledge in not inadmissible hearsay).  Trial counsel can not be found ineffective for failing to make a hearsay objection when the testimony was not inadmissible hearsay.  As such, we must dismiss the habeas petition as to this claim.

Petitioner's seventh claim is that trail counsel was ineffective because counsel improperly advised petitioner as to his right to testify.  Petitioner claims that trial counsel inaccurately advised petitioner that if petitioner testified his prior convictions could be used to

11

impeach him and that is why petitioner never testified.  Petitioner had been previously convicted

of robbery and burglary.  Those convictions were only seven years old at the time of petitioner's

verdict in this case.  Trial counsel accurately advised petitioner that those convictions could be

used by the Commonwealth to impeach petitioner on cross-examination.  Furthermore, the trial

court performed a colloquy on the record and petitioner told the trial court that, after discussing it

with counsel and hearing the evidence against him, petitioner did not wish to testify.  Trial

counsel can not be found ineffective for accurately advising petitioner.  As such, we must dismiss

the habeas petition as to this claim.

Petitioner's eight claim is that petitioner was denied due process when the trial

court limited trial counsel's cross-examination of Commonwealth witness Everett Jones

concerning Mr. Jones use of an alias in the past.  The Superior Court reviewed this claim and

found it to be meritless.

Petitioner has a right to confront witnesses against him as afforded by the Sixth

Amendment of the United States Constitution.  Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25

L.Ed.2d 353 (1970).  The Fourteenth Amendment makes the guarantees of this clause obligatory

upon the states.  Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).  The

right to cross-examine a witness is subject to the sound discretion of the trial judge to limit the

scope of the cross-examination.  Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347

(1973).  The trial court may preclude repetitive and unduly harassing interrogation.  Id.

Trial counsel questioned Everett Jones about his prior use of a false name and

birth date.  Trial counsel then attempted to ask Everett Jones a broad question about Mr. Jones

use of the alias.  The trial court determined that trial counsel's line of questioning was overly

broad and may have elicited collateral and irrelevant information.  Furthermore, the trial court noted in its opinion that the testimony was cumulative since trial counsel had already elicited that Everett Jones had used an alias.  The trial court also noted that Everett Jones was not a witness to the shooting, he merely witnessed an argument between petitioner and the victim prior to the shooting.  The trial court pointed out that if there were an error it was harmless because Everett Jones' testimony was repetitive because there were still four other Commonwealth witnesses who testified to seeing the same argument.

With regard to petitioner's claim that trial counsel's cross-examination of Everett Jones was limited, this court finds this claim meritless.  Defense counsel was given ample opportunity to cross-examine Mr. Jones with regard to his use of an alias.  The Pennsylvania Superior Court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law.  Accordingly, we must dismiss the habeas petition as to this claim and its entirety.

Therefore, I make the following:

<u>RECOMMENDATION</u>

AND NOW, this _____ day of June, 2006, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and DISMISSED.  It

is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


/S LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

14